Alan B. COOPER, Appellant,

v.

Corinne F. COOPER, Appellee.

No. 16254.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 9, 1974.

Opinion on Filing of Remittitur June 13, 1974.

Rehearing Denied Aug. 29, 1974.

Robert J. Piro, John L. Hopwood, Houston, Baker & Boots, Houston, of counsel, for appellant.

Haynes & Fullenweider, Donn C. Fullenweider, Jacqueline M. McCreary, Robert B. Wallis, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from the judgment entered in a divorce action. After a trial to the court without a jury the trial court entered a judgment granting a divorce to wife, granting her custody of the two children of the marriage, dividing the property of the parties, providing child support, and awarding attorney's fees. Findings of fact and conclusions of law were filed by the trial court. The findings of fact are not challenged by either party. Appellant, hereinafter referred to as husband, challenges as being manifestly unjust the partition of the property, the award of child support and the award against him of the wife's attorney's fees. Appellee, hereinafter referred to as wife, has cross-assigned a point urging that the trial court erred in refusing to award attorney's fees for the work occasioned by this appeal.

Both in her pleadings and at the trial the wife sought a divorce under Section 3.01 of the Family Code, V.T.C.A., being the insupportability grounds. The husband also stated the same grounds in his answer to the suit for divorce.

A serious question arises as to the continued validity of the traditional approach of the Texas courts to the questions arising in divorce actions such as the division of property of the parties, the custody of children, and awards to the wife of attorney's fees, in view of the adoption on November 7, 1972 of Article 1, Section 3a to the Texas Constitution, Vernon's Ann.St., reading: "Equality under the law shall not be denied or abridged because of sex, race . . . . This amendment is self-operative." Consideration must also be given to certain provisions of the recently enacted Family Code, and to the fact that the United States government is taking effective action to insure equality in pay between men and women as well as equality in opportunity for employment.

*Division of Property*

The parties are not in exact agreement as to the value of the properties awarded to each of them. After a careful study of the record based on the findings of fact of the trial court as to the community or separate nature of each item of property it appears that by his judgment the court awarded to the wife community property of the approximate value of $250,000; separate property owned by the wife in her separate right of the approximate value of $150,000; property found by the court to belong to the husband in his separate right of the approximate value of $48,000. In addition certain items of furniture and personal effects the value of which cannot be determined with certainty were awarded to the wife. She was awarded an attorney's fee in the amount of $41,000 and was required to assume debts in the amount of

$11,000. The net value of the property awarded to her, therefore, was the sum of $478,000.

The husband was awarded community property in the approximate value of $71,000.00, separate property in the approximate value of $934,000, and was required to assume debts in the approximate sum of $44,000. In addition he will be required to pay the attorney's fee awarded to the wife, the court costs and any fee that he may pay his attorneys, out of his separate property.

Section 3.63 of the Family Code provides:

"In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

A statute in essentially the same terms has been in force in this state since 1841. The language of the statute was construed by the Supreme Court of Texas in the leading case of Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). There the court stated:

". . . The estate subject to division, under the statute, included all property of the parties whether community property or separate property. . ."

The court further stated:

"The income from property belonging to the husband during marriage is subject to a charge or burden for the maintenance of the wife and every minor child. The burden issues from the marital contract, and is incident to the husband's relation to the family. It is unthinkable that the law should reward the husband, by lifting a charge from his income, for proving unfaithful to obligations on which rest the sanctity and welfare of the home.

"While the court, in ordering the divorce, should not be unmindful of the benefits which the spouse not at fault would have derived from a continuance of the marriage, through the estate of the other spouse, its power is not limited to providing compensation for such benefits. Instead the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned. For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children."

■ This case has been frequently cited and is regarded as an authoritative statement of the law with respect to the power of a trial court to invade the separate property of one spouse for the benefit of the other spouse where necessary to reach a just and fair division of the property of the parties. The decision, however, has not been interpreted as making the distinction between separate and community property immaterial to a proper exercise of the judicial responsibility to divide the property of the parties in a manner that is just and right. As the reports of decided cases attest, the starting point in developing a case where the question of division of property is contested is the task of establishing the nature of the property to be divided as separate or as community. See Fuhrman v. Fuhrman, 302 S.W.2d 205 (Tex.Civ.App.—El Paso 1957); Puckett v. Puckett, 205 S.W.2d 124 (Tex.Civ.App.—Texarkana 1947); Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46 (1931); Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960).

The community property concept is imbedded in the Constitution of this State, Article 16, Sec. 15, Vernon's Texas Constitution, Annotated, and is treated in detail in Art. 5 of the Family Code. The trial

court in a divorce action, pursuant to the mandate of Section 3.63 of the Family Code to divide the estate of the parties, must determine the character of the marital property in the light of the definition provided by Section 5.01 of the Code.

■ The primary duty of the trial court in dividing the estate of the parties is to make a division that is fair, just and equitable. Where the trial court has made a finding that the estate of the parties has been divided in a manner that is fair, just and equitable, the fact that he may have erred in concluding that certain property involved was community rather than separate property will not necessarily result in reversal of the judgment. Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682 (1959).

■ On appeal from a judgment of a court dividing the estate of the parties to a divorce action the question is whether or not the trial court abused its discretion, and if so, to such an extent as to require reversal of the trial court's judgment. It is the duty of the appellate court to indulge every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. It has been uniformly held that by Sec. 3.63 of the Family Code the trial court may exercise broad discretion in dividing the estate of the parties and that such discretion may be corrected on appeal only where abuse of it is shown, in that the disposition made of some of the property is manifestly unjust and unfair. Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.— Tyler 1966). Sec. 5.21 of the Family Code and succeeding sections define the rights of each spouse in the management, control and disposition of the separate property and of community and special community properties. The property rights of spouses residing in Texas have constitutional protection.

In McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722 (1961), the Supreme Court said:

". . . Our community property system naturally affects our plan of property division upon a marriage dissolution. Under our laws, permanent alimony is not recognized, nor is a Texas court authorized to divest either spouse of his or her title to separate property, Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, but the wife, in the main, must look to the community property for her share of the material gains incident to an ill-starred marriage . . ."

In Fuhrman v. Fuhrman, 302 S.W.2d 205 (Tex.Civ.App.—El Paso 1957, opinion by Hamilton, Justice), the court said:

". . . In construing this statute, it has been held that the most obvious construction of the statute is that the separate property should be restored to its owners, respectively, and that such division of the community be made as may seem just and right: Fitts v. Fitts, 14 Tex. 443; Puckett v. Puckett, Tex.Civ. App., 205 S.W.2d 124.

"Of course it has been many times held that when circumstances require it, the trial court may set aside separate property of one party to the divorce, to the other, especially where one party is without means of support or has children to support . . ."

■■ While it is clear that the division of the property does not have to be equal and the court may award the wife a substantial portion of the husband's separate personal property where the circumstances make such action necessary to effect a fair and just division of the property, the discretion of the trial court is not unlimited, and there must be some reasonable basis for decreeing an unequal division of the property. Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969). Factors to be considered include the disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities; In re Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973); the physical condition of the par-

ties, probable future need for support, and educational background; Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ.App.—Tyler 1969). The fault in breaking up the marriage and the benefits innocent spouse would have received from a continuation of the marriage are factors which the court may consider. Hooper v. Hooper, 403 S.W.2d 215 (Tex.Civ.App.—Amarillo 1966). These and other matters must be evaluated by the trial court in determining a just and fair division of the property.

▮ At the time of the trial Mrs. Cooper was 38 years of age, apparently in good health, and a college graduate. Mr. and Mrs. Cooper were married for sixteen years, during which time Mrs. Cooper did not work outside of the home. During most of those years Dr. Cooper pursued his medical training and as a result is able to earn a substantial income. The difference in earning capacity and business opportunities would justify an unequal division of the community property. There are no circumstances in evidence which would require an apportionment of the husband's separate property to the wife in order to effect a fair and just division of the estate of the parties. Section 3.63, supra, requires the trial court to respect the rights of the parties, including the right to have the separate property of each spouse set aside to him or her in the absence of circumstances requiring a contrary action. The separate property of one spouse should not be awarded to the other merely to equalize their comparative wealth. Such action constitutes an abuse of discretion.

### Child Support

The court has required Dr. Cooper to pay for the support and education of his children the sum of $1500 each month and in addition thereto all expenses required for them to attend a private school limited to the sum of $6,000 per year and all medical and dental expenses incurred by them.

Section 4.02 of the Family Code provides:

"Each spouse has the duty to support his or her minor children. The husband has the duty to support the wife, and the wife has the duty to support the husband when he is unable to support himself. A spouse who fails to discharge a duty of support is liable to any person who provides necessaries to whom support is owed."

▮ If "equality under the law shall not be denied or abridged because of sex", it must be presumed that the legislature intended that the duty of the spouse to support their minor children is equal. This does not mean, however, that the court must divide the burden of support of the minor children equally between the parties. The court's order in this respect should reflect a due consideration of the respective abilities of the spouses to contribute. The duty to support is not limited to bare necessities. The court may consider the standards of living which the parties have maintained in the past as an indication of the standard which they will strive for in the future. The court would be justified in requiring the parents to provide a standard of living for their children commensurate with that which they have and will continue to enjoy for themselves. While the support order in this case is generous, it is supported by the evidence and by the findings of the court.

### Attorney's Fee

▮ Where both parties to a divorce action have substantial estates in their own right and in addition there is community property, there is ordinarily no justification for charging the wife's attorney's fees against the husband's estate. The proper approach to the problem was set out in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950), where the court said:

"The attorney's fee is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances."

There is evidence to support the fact findings made by the trial court with respect to the attorney's fee. In dividing the community property, particularly in "no fault" cases, the trial court should also consider the fact that the husband will be liable for an attorney's fee. There may be cases, where the community property is of small value or the failure of the marriage is caused by the fault of one of the parties, where an attorney's fee should be awarded against one spouse personally, or against his or her separate property.

We find that the award to Mrs. Cooper of items which the court found belonged to the separate estate of Dr. Cooper constituted an abuse of discretion under the facts of this case. The judgment is affirmed with the exception of that portion of the judgment dividing the estate of the parties, which will be reversed, ordered severed, and remanded for a new trial, unless appellee, Corinne F. Cooper, files with this court within ten days a remittitur of the following items awarded to her by the judgment:

(1) "(33) $14,000.00 cash to be paid on February 22, 1973 from a $98,000.00 U. S. Treasury Bond due on February 22, 1973, currently held in Alan Bruce Cooper's separate agency trust, Texas Commerce Bank, Account #7288.

(2) "(34) All rights and benefits in the Lincoln Property Partnership, a California Ltd. partnership purchased in the sum of $10,000.00 through Merrill, Lynch, Pierce, Fenner & Smith.

(3) "(23) All sums on deposit at the Texas Commerce Bank, Account #8662595, in a savings account created with the deposit of a check for $23,599.03 held by Texas Commerce Bank as agent for Alan Bruce Cooper and listed as an asset in the separate agency trust, Account #7288."

In the event the remittitur is timely filed, the judgment is affirmed in all respects. Costs on appeal will be charged sixty per cent against appellant and forty per cent against appellee.

Affirmed on condition of remittitur.

## On Filing of Remittitur

On May 9, 1974 we indicated by a written opinion that if appellee would file a remittitur of the following amounts:

(1) $14,000.00 cash to be paid on February 22, 1973 from a $98,000.00 U. S. Treasury Bond due on February 22, 1973, currently held in Alan Bruce Cooper's separate agency trust, Texas Commerce Bank, Account #7288;

(2) All rights and benefits in the Lincoln Property Partnership, a California Ltd. partnership purchased in the sum of $10,000.00 through Merrill Lynch, Pierce, Fenner & Smith;

(3) All sums on deposit at the Texas Commerce Bank Account #8662595, in a savings account created with the deposit of a check for $23,599.03 held by Texas Commerce Bank as agent for Alan Bruce Cooper and listed as an asset in the separate Agency trust, Account #7288.

the judgment of the trial court would be reformed and as reformed would be affirmed. Appellee has filed the suggested remittitur within the time provided and the judgment of the trial court is, therefore, reformed by deducting said amounts from the property awarded appellee and awarding them to appellant as his separate property, and as so reformed is affirmed.