Robert D. HOLMES, Appellant,

v.

Linda TIBBS, Appellee.

No. 1118.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 21, 1976.

Walter Groce, James C. Martin and Walter Groce, Corpus Christi, for appellant.

C. Edwin Prichard, Jr., County Atty., Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment of the trial court ordering the respondent-appellant to make child support payments in a Uniform Reciprocal Enforcement of Support Act proceeding.[1]

1. Tex. Family Code Ann. § 21.01, et seq. (1975).

The suit was initiated by complaint of Linda Tibbs filed in the Superior Court of Whitfield County, Georgia, against appellant, Robert D. Holmes, under the Uniform Reciprocal Enforcement of Support Act of Georgia. There she requested that an order of that court be directed to the appellant, a resident of Nueces County, Texas, for support on behalf of their minor daughter.

Based upon appropriate action in the Superior Court of Whitfield County, Georgia, the initiating state, this action was forwarded to the District Clerk of Nueces County, Texas, the responding state. Subsequently, the cause came on to be heard in the Domestic Relations Court of Nueces County, Texas. The appellee appeared through the Nueces County Attorney only; the appellant appeared individually as well as through counsel. After a non-jury trial, the trial court in its order found a duty of support and set the amount at $160.00 per month to begin March 1, 1976. Holmes appeals from that order.

As we interpret appellant's contentions from his four points of error and supporting arguments, he complains that there is no evidence about either the need for child support or the necessary amount thereof. The appellee has not favored us with a brief.

The only witness who testified was the appellant. From him we learn that he and the appellee were divorced and that they had one child of their marriage. He has now remarried and has two other children.

In his testimony, the appellant itemized his current income and expenses. According to him, his expenses exceeded his income. Also, he admitted that by reason of his divorce from appellee, he was ordered (being the last order) to pay $20.00 per week as support for their minor daughter.

■ The correct rule about the amount of money that a father is required to pay for the support of his minor children, both before and after divorce, is that the amount should be based upon: 1) the needs of the children; and 2) his ability to pay, having due regard for all his lawful obligations, including those assumed to another wife and to his other children. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97 (1921); *Anderson v. Anderson*, 503 S.W.2d 124 (Tex.Civ.App. —Corpus Christi 1973, no writ). Further, the trial court's child support order will not be disturbed on appeal unless there is a clear abuse of discretion. *Brito v. Brito*, 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). Even though a trial court has wide discretion regarding the amount of child support payments, and each case must stand on its own facts, the determination of that amount must be supported by evidence that the children's needs are as much as the amount specified in the order. *Angel v. Todd*, 368 S.W.2d 224 (Tex.Civ. App.—Houston 1963, no writ).

All of which brings us to a consideration of whether there is evidence in our record about the needs of the appellant's daughter that will support the trial court's order of $160.00 per month. We think not.

■ The only evidence in that regard is the appellant's admission that the Georgia Court granting the divorce ordered him to pay $20.00 per week. A fact or condition once proven or known to exist will be presumed, in the absence of evidence to the contrary, to have continued in effect. *Angel v. Todd*, supra; 23 Tex.Jur.2d Evidence § 76 (1961). Although the trial court's order is supported by evidence to the extent of $20.00 per week, the evidence does not support an order for any amount greater than $20.00 per week. We hold, therefore, that the trial court abused its discretion when it ordered the appellant to pay $160.00 per month for the support of his minor daughter.

■ It could be suggested that the trial court considered as evidence the statements made in the certificate and the other material received from the initiating court in

Whitfield County, Georgia. The trial court as the court in the responding state could not consider these as evidence of the facts alleged. *Schlang v. Schlang*, 415 S.W.2d 28 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e.). All of the appellant's points are sustained.

The judgment of the trial court is REVERSED and the cause is REMANDED.