Thomas Minton MABEN, Appellant,

v.

Judy E. MABEN, Appellee.

No. 18020.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 9, 1978.

Robert A. Sewell, Fort Worth, for appellant.

Herrick & Waltrip and Bill Waltrip, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a divorce action. The husband claims the trial court abused its discretion in awarding the wife their residence and in ordering him to pay an allegedly excessive amount of child support.

We find no abuse of discretion and affirm.

The case is before us on an agreed statement of facts. Thomas and Judy Maben were married in 1962 and have a daughter, Carolyn, who was 15 when the divorce was granted. She is now 16. Maben's salary is in excess of $30,000.00 per year. Mrs. Maben is a homemaker. She has a separate property interest, worth about $22,000.00, in

a business entity. This interest has produced income in excess of $4,125.00 per year since 1969. Community funds in excess of $11,000.00 have been used to pay taxes on this income since 1969. Maben is employed by a family business owned by himself, his father and his brother. He has five shares of the family business as his separate property. His shares are worth about $500.00 and produce no income.

The community estate consists mainly of the parties' home and its furnishings. The value of the home is between $70,000.00 and $80,000.00. The value of the furnishings is in excess of $20,000.00. Mrs. Maben used $14,000.00 of her separate funds for a down payment on the home. About $34,000.00 of community funds have been used in making mortgage payments which include taxes, insurance, interest and principal. The record is silent as to the amount of the monthly payment which has been applied to the reduction of the amount of principal owed.

The trial court granted Mrs. Maben's petition for divorce and appointed her managing conservator of Carolyn. In dividing the property, the court awarded Mrs. Maben her separate property, the residence, most of its furnishings, an automobile, and her personal effects. Maben received his shares of his family's business, the remainder of the furnishings, and his personal effects. Maben was also awarded a promissory note in the sum of $10,000.00 secured by a deed of trust lien on the home. This lien was a second lien to a deed of trust in the sum of $28,000.00, representing a portion of the purchase price of the home. The $10,000.00 note is due in 1982. Maben was ordered to pay $600.00 per month child support until Carolyn is 18 years of age, or until further court order.

Maben appeals only from the property division and order for child support. The trial court made, in part, the following findings of fact and conclusions of law.

## FINDINGS OF FACT

"5. That there is a great disparity of earning capacity between petitioner and respondent; that is, Petitioner has little, if any, earning capacity and Respondent has the capacity to earn in excess of $30,000 annually.

"6. That in excess of $14,000 worth of Petitioner's separate property went into the purchase price of the home, lot and furnishings of the home occupied by the parties at the time of this divorce.

"7. That Respondent is part owner of . . . a family business owned primarily by his father, along with Respondent and his brother and that such position is secure for the future and (sic) a going business.

"8. That the division of property and the adjustments of various community obligations as pronounced by this Court in its judgment is fair, just and equitable.

## CONCLUSIONS OF LAW

"3. That the division of property and the adjustments of equities and obligations as contained in this Court's judgment is fair, just and equitable."

■ The parties agree the law governing this case is well settled. They recognize a trial court has wide discretion in dividing property and awarding support, and a clear abuse of discretion must be shown for a reviewing court to reverse the trial court's judgment. Further, the judgment of the trial court is presumed to be just and right.

By his first two points of error Maben claims the trial court abused its discretion in the manner in which it divided the property.

The basis for his complaint is that the property awarded to Mrs. Maben has a net worth between $53,000.00 and $68,000.00 after deducting the liabilities thereon, including the $10,000.00 promissory note to Maben and the $28,000.00 first mortgage lien. The property awarded to Maben after deducting the liabilities he was ordered to pay is worth $4,500.00. He claims this disparity in value is unjust, especially in view of the fact that this was a no fault divorce. We do not agree.

Maben realizes the trial court does not have to divide the property equally even though no fault was shown. There is the finding of fact that a wide disparity of earning capacity exists between the parties. Although there is evidence in the record that Mrs. Maben has significant earnings from her interest in a business, Maben does not challenge the finding of disparity of earning capacity by proper point of error. It is well settled that where a finding of fact is unchallenged, a reviewing court is bound by the fact as found. *Kroger Company v. Warren*, 420 S.W.2d 218 (Tex.Civ. App.—Houston [1st Dist.] 1967, no writ).

Since Mrs. Maben has little, if any, earning capacity, the trial court was within its discretion to award the residence and most of its furnishings to her so she and Carolyn would have a place in which to live. Ordering the sale of a residence is never favored, especially when there is disparity of earning capacity and children involved. We do not consider it inequitable for Maben to receive a promissory note for $10,000.00 secured by a second lien on the residence as his share of the equity therein. Therefore, his first two points of error are overruled.

Next, Maben complains of the failure of the court to reimburse him for community funds allegedly expended to maintain Mrs. Maben's separate business interest. Maben claims community funds were used to pay income taxes on earnings from her separate property. Earnings from Mrs. Maben's business interest are community property, the same as Maben's salary. She was not employed but had earnings from a separate business. His earnings were greatly in excess of hers because his salary is in excess of $30,000.00. His real complaint is that he had to take part of his salary and pay income tax on the earnings from her separate property, although the community funds were used by both of them. He contends that by his paying the income tax out of his salary, his earnings have enhanced the value of her separate property. There is no finding of fact or conclusion of law which indicates the court failed to consider that community funds were expended to pay taxes on the wife's separate property in making its property division or that Maben as a matter of law was not entitled to any reimbursement. Therefore, no abuse of discretion has been shown. Maben's third point of error is overruled.

Maben's final complaint is that the amount of child support ordered is excessive. He asserts because no particularized need of Carolyn was shown which required $600.00 per month, the trial court abused its discretion is ordering this amount. We find no abuse.

It is well settled that the factors to be considered in determining the proper amount for child support are: the needs and best interest of the child, the parties' previous standard of living, and the financial capabilities of the spouse ordered to pay the support. Financial capability is to be considered in light of all other liabilities the spouse has and without regard to the financial condition of the other spouse.

While a reasonable person could conclude that $600.00 per month for one child is high, we cannot hold that a clear abuse of discretion has been shown. A case decided under similar facts is *Goren v. Goren*, 531 S.W.2d 897 (Tex.Civ.App.—Houston [1st Dist.] writ dism'd). There a support award of $500.00 per month for a 2½ year old boy was held not be an abuse of discretion where the spouse paying the support earned $32,000.00 per year. Here Carolyn is now 16 and can be expected to require more support than a much younger child. The record as a whole, including the judgment and oral argument on submission, shows Carolyn is attending a private school and that tuition is being paid. We take judicial notice of the costs of clothing, lunches, transportation and housing for a child of Carolyn's age and previous standard of living. It is also noted that child support payments will continue for less than two years. Therefore, Maben's fourth point of error is overruled.

All points of error asserted in complaint of the trial court's judgment in this cause have been severally considered and each is overruled. The judgment of the trial court is affirmed.