Robert HAZELWOOD, Appellant,

v.

Patricia Lee JINKINS, Appellee.

No. 17276.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 15, 1979.

Barlow, Lacy, Smith, Pollard, Donald D. Lacy, Jr., Houston, for appellant.

Barker, Lain, Schwab, Tulloch & Blair, Elmo Schwab, Galveston, for appellee.

Before WARREN, EVANS and WALLACE, JJ.

WARREN, Justice.

Robert Hazelwood (Respondent) appeals from an order modifying his obligation for the support of one minor child of Respondent and Patricia Lee Jinkins (Petitioner).

On October 31, 1969, Petitioner and Respondent were divorced. Petitioner was awarded custody of the minor child, two year old, Hunter Chunn Hazelwood and Respondent was ordered to pay $100.00 per month to Petitioner for child support.

At the time of the divorce Respondent was a resident physician in psychiatry with an annual income between $15,000.00 and $18,000.00 per year and an estimated net worth of between $5,000.00 and $10,000.00. Shortly after the divorce Respondent completed his residency and has worked as a psychiatrist since that time.

At the time of the hearing Respondent owned a medical clinic valued at $100,000.00 in which he worked. He owned a home valued at $175,000.00, a half interest in a home in Colorado, an airplane and investments in several limited partnerships. His net worth was $983,000.00 as evidenced by a financial statement dated March 30, 1978. His income during 1975 was $117,500.00, for 1976 it was $174,000.00, and in 1977, $140,000.00.

After an extensive hearing the court modified the original divorce decree and increased Respondent's monthly child support obligation from $100.00 to $875.00 per month.

Respondent claims the trial court erred in (1) refusing his request for an additional and more specific finding of fact (2) ruling that the court was without jurisdiction to make the amended finding of fact and (3) increasing the child support from $100.00 to $875.00 per month.

The trial court made findings of fact and found among other things that the circumstances of Respondent had materially and significantly changed and that he had demonstrated an earning capacity in excess of $60,000.00 since 1973. Respondent was dissatisfied with this finding and timely requested the court to find that:

The circumstances of the respondent, Robert E. Hazlewood, have also materially and substantially changes (sic) in that he had demonstrated an earning capacity and ability since 1973 in the following amounts: 1973, $67,500.00 with adjusted gross income of $67,373.00; 1974 $73,844.00 with adjusted gross income of $74,052.00; 1975, $117,500.00 with adjusted gross income of $108,925.00; 1976, $174,000.00 with adjusted gross income of $162,500.00.

A hearing was set on the proposed additional finding for July 20, 1978, at which time the court refused the request, reasoning that Rule 298 Tex.R.Civ.P. deprived it of jurisdiction to act on the proposed finding.

The pertinent portion of Rule 298 reads:

"After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional, or amended findings; and *the judge shall, within five days after such request, and not later,* prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time." (emphasis added)

Upon receiving a timely request for additional findings of fact or conclusions of law it is the mandatory duty of the trial court to file them. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944). The trial court must make findings on the points requested if such points relate to the ultimate or controlling issues in the case. *Groves v. Rosenthal,* 371 S.W.2d 792 (Tex. Civ.App.—Houston, 1963, writ ref'd. n. r. e.).

■ The additional finding of fact requested by Respondent was not in conflict with the initial finding but, instead, was more specific, i. e. that the exact amounts earned from the year 1973 through the year 1976 be stated in specific dollar amounts rather than the general finding that Respondent had earned in excess of $60,000.00. Respondent argues that the court's finding denies him the opportunity to make a proper presentation of his case on appeal and further denies him the opportunity to rely on these findings as res judicata in future controversies between these parties. We find nothing in the law to support Respondent's second contention. The finding that Respondent earned in excess of $60,000.00 during the years stated would not prevent him in future hearings, if such are necessary, to show the amount in excess of $60,-000.00 that he actually earned. An examination of the statement of facts demonstrates unequivocally and without contradiction the Respondent's annual income for each year in question. Because of the uncontroverted nature of the record, we similarly find that the Respondent's ability to present his case on appeal has not been impaired.

■ The Respondent argues that the trial court abused its discretion in increasing the child support obligation from $100.00 per month to $875.00 per month because there was no evidence, or in the alternative, insufficient evidence to show that the circumstances of the child and his parents have materially and significantly changed since the original order.

The record shows that the circumstances of the father, mother and child have changed materially and significantly since the divorce in 1969. The child, who was only two years of age at the time of the divorce, is now ten years of age and more expensive to rear. The net worth of the Respondent has increased dramatically from between $5,000.00 and $10,000.00 in 1969 to approximately $983,000.00 in 1978. Respondent's income had increased from between $15,000.00 and $18,000.00 to over $140,000.00 in 1977. The child now travels frequently, attends a private school, attends summer camp and takes tennis lessons. The child and his mother dine out and attend a show or some form of entertainment at least once per week. The trial court found that the necessary expenses of the minor child were $1,000.00 per month, which is amply supported by the testimony of Petitioner. Although some of these items are luxuries, they are not inconsistent with the station in life enjoyed by the parents.

■ A trial court is justified in requiring parents to provide a standard of living for their children commensurate with the standard of living which they have and will continue to enjoy. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.], 1974, no writ) Respondent alleges that the trial court abused its discretion in requiring him to pay $875.00 per month in addition to $125.00 per month contractual alimony which Respondent agreed to pay Petitioner at the time of the divorce. The court in its findings of fact expressly stated that this had been taken into consideration and apparently considered it as an obligation of Respondent arising out of the settlement of the community property at the time of the divorce. The requirement that parents have an equal duty to support their children does not mean that their obligations are mathematically equal. *Friedman v. Friedman*, 521 S.W.2d 111 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Instead, the equality is tempered by the relative capabilities of the parties, *Jackson v. Jackson*, 552 S.W.2d 630 (Tex.Civ.App.—Austin 1977, no writ), and the relative values of the non-monetary services rendered by each of the parents. *Labowitz v. Labowitz*, 542 S.W.2d 922 (Tex.Civ.App.—Dallas, 1976, no writ). Respondent's net worth is approximately twice as much as the Petitioner's. Respondent's demonstrated earning capacity greatly exceeded the Petitioner's. There is also uncontroverted evidence that the Petitioner renders valuable non-monetary services to the child. Based upon the record we cannot conclude that the trial court abused its discretion in apportioning

the parents' financial obligation to support the child.

Finally Respondent argues that the court abused its discretion in increasing the child support to $875.00 per month because the testimony revealed that his monthly payments on various investment servicing debts was $4,722.24 per month and if his projected income declined as predicted to $5,700.00, per month then he would have only $977.76 on which to live and to pay the child support. The Respondent testified that he intended to bring in another doctor and decrease his practice, which would in turn reduce his income to the approximate amount stated above. Respondent relies upon *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston, 1965, writ ref'd n. r. e.), for the proposition that debt service obligations should be considered in setting child support and that child support payments should not prevent a party from making legitimate investments that are likely to be productive. While this proposition is true, it should not operate as a device to deprive a child of the support to which he or she is entitled.

The duty to support is not limited to parents' ability to pay from current earnings, but extends to his or her financial ability to pay from any and all sources that might be available. *Ondrusek v. Ondrusek*, 561 S.W.2d 236 (Tex.Civ.App.—Tyler 1978, no writ). The trial court, in determining an appropriate amount of support to be contributed by Respondent, could consider the comparative earnings, net worth, non financial contributions, and the respective obligations of each of the parents.

The trial court has broad discretion to determine child support and the reviewing court cannot substitute its judgment for that of the trial court. *Labowitz v. Labowitz*, supra at 933; *Schwartz v. Jacob*, supra at 15.

There being no abuse of discretion shown, the case is affirmed.