Michael Edwin KREMPP, Appellant,

v.

Ann Elizabeth KREMPP, Appellee.

No. 18149.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 15, 1979.

Schleider & Ewing, and Richard W. Ewing, Houston, for appellant.

Howard L. Martin, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

A husband appeals from the portion of a divorce decree ordering him to pay $1,000.00 per month toward the support of his only child. The husband claims this amount is excessive and constitutes an abuse of discretion under the facts and circumstances of this case.

We affirm.

Michael Krempp owns and operates a kitchen cabinet business. Ann Krempp is a practicing attorney. They have one child, Andrew. At the time of the divorce Andrew was twenty-one months old. The trial court ordered Krempp to pay $1,000.00 per month toward Andrew's support. Krempp contends that this was an abuse of discretion. He bases this conclusion on the contention that the award violates Tex.Family Code Ann. § 4.02 (1975), as this section should be construed in light of the Equal Rights Amendment to the Tex.Const. art. I, § 3a, which together provide that spouses have an equal duty to support their children. Also supporting Krempp's conclusion is his allegation that the amount of the award is confiscatory.

■ It has been recognized that spouses have an equal duty to support their children. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). However, it is also generally recognized that this equality does not require that the courts must divide the burden of support equally, or make equal the amount of financial contribution required of the spouses. *Cooper, supra,* and *Hazelwood v. Jinkins,* 580 S.W.2d 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). In determining the amount of the award a trial court is to consider the needs and best interest of the child, the parties' previous standard of living, their financial capabilities, and the relative values of the nonmonetary services to be rendered.

Krempp directs our attention to the fact that both he and Mrs. Krempp have separate estates which, while significant in amount, are relatively equal in size. Krempp's inventory and appraisement filed in this case reveals that he has a net worth of over $900,000.00.

Implicit in Krempp's argument is the contention that the excessive amount of the award of child support in effect relieves

Mrs. Krempp of any financial responsibility in supporting Andrew. He concludes that in light of the relative equality of the financial conditions of the parties and the fact that no particularized need of the child was shown requiring anywhere near $1,000.00 per month in support, the award violates the Tex.Family Code Ann. § 4.02 (1975). We do not agree.

We have previously held that no particularized need is required to support an award of child support. *Maben v. Maben*, 574 S.W.2d 229 (Tex.Civ.App.—Fort Worth 1978, no writ). Further, it is well settled that the trial court is justified in requiring the parents to continue to provide their children with the standard of living they enjoyed prior to the divorce. *Cooper* and *Hazelwood, supra*, (513 S.W.2d 229 and 580 S.W.2d 33). We also note that the record reflects that Andrew has some medical problems. We cannot agree that this award has resulted in relieving Mrs. Krempp from any duty to financially support the child.

We do not find that this award violates Tex.Family Code Ann. § 4.02 (1975) for another reason. The trial court could properly consider the relative values of the non-monetary services rendered by each of the parties. Since Mrs. Krempp was appointed managing conservator, the trial court could properly conclude as a result of her appointment, and from evidence in the record concerning the past conduct of the parties in this regard, that Mrs. Krempp would provide most of the non-monetary services needed by the child. There can be no question that these services are a very real and important part of the support of any child.

Krempp categorizes the award as confiscatory. We agree that as a general rule a trial court abuses its discretion if the amount of child support it orders a spouse to pay is more than that spouse can reasonably afford. This is particularly true because child support obligations are enforceable by contempt. In testing a spouse's ability to afford the amount of child support ordered, the financial capacity of the spouse is examined in light of all other liabilities the spouse has and without regard to the financial condition of the other spouse.

The record in this case reflects that Krempp's personal estate includes a Mercedes-Benz automobile and an airplane. Krempp receives about $36,000.00 per year in stock dividends. Thus his earning capacity appears to be substantial. We decide that the amount of support Krempp is ordered to pay is not confiscatory. There has been no showing in the record other than that Krempp has the financial capacity to afford to pay the amount of support ordered. He was present at the trial, but did not tender any evidence.

We recognize that reasonable minds could differ and one might conclude that the amount of the support award in this case is high for only one child. However, it is Krempp's burden on appeal to show a clear abuse of discretion. This he has failed to do.

Accordingly, we affirm the judgment of the trial court.