

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 21, 1984

Mr. W. G. Kirklin
Chairman
Texas Health Facilities Commission
P. O. Box 50049
Austin, Texas    78763

Opinion No. JM-126

Re:    Eligibility    of    an
individual to serve on the
Texas    Health    Facilities
Commission

Dear Mr. Kirklin:

You ask whether Ms. Dora McDonald's appointment and continued service on the Texas Health Facilities Commission comply with article 4418h, section 202, V.T.C.S., and article 6252-9b, V.T.C.S., respectively. Additionally, you ask whether any related constitutional or statutory impediments exist.

Article 4418h, section 2.02, V.T.C.S., provides in pertinent part that

> [t]he governor shall not appoint to the commission any person who is actively engaged as a health care provider or who has any substantial pecuniary interest in a facility.

Ms. McDonald is not a health care provider, nor does she have a direct pecuniary interest in a health care facility.

Mr. McDonald is a program consultant for Horizon Health Corporation, a corporation that provides specialized treatment services in psychiatry and in substance abuse. Horizon Health owns one treatment facility in Texas and manages speciality units in three Texas hospitals. Mr. McDonald does no hiring or firing, nor is he engaged in expansion, purchasing, acquisition, or financial management activities. Neither Mr. nor Ms. McDonald owns any interest in Horizon Health. Mr. McDonald is on a fixed salary, sharing directly in neither the profits nor losses of Horizon Health. Thus, Ms. McDonald's only interest in a health care facility stems from her community property portion of her husband's fixed salary.

Whether Ms. McDonald's community interest in her husband's salary constitutes a "substantial pecuniary interest" in a health care facility depends upon the extent of that interest under Texas law. The earnings of each spouse during marriage are community property. Family Code §5.01; Commissioner of Internal Revenue v. Chase Manhattan

Bank, 259 F.2d 231, 239 (5th Cir. 1958); Vallone v. Vallone, 644 S.W.2d 455, 458 (Tex. 1982); Maben v. Maben, 574 S.W.2d 229, 232 (Tex. Civ. App. - Fort Worth 1978, no writ).

Under Texas law each spouse owns a present, vested, undivided one-half interest in all community property, but the husband is the sole authorized manager of the general community property. However, the wife has managerial power over a special community composed of her income and the income of her separate property. Free v. Bland, 369 U.S. 663 (1962), conformed to in 359 S.W.2d 297 (Tex. 1962); Chase Manhattan Bank, supra. The Texas Family Code, section 5.22, provides for separate management of certain community property:

> (a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:
>
> (1) personal earnings;
>
> (2) revenue from separate property;
>
> (3) recoveries for personal injuries; and
>
> (4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control and disposition.

The court in Estate of Wyly v. Commissioner of Internal Revenue, 610 F.2d 1282, 1288 (5th Cir. 1980), construed subsection (a)(2) of section 5.22 to create a "special community" or "sole management community" interest in the earning spouse. The other spouse, receiving a community property interest by operation of law, "has only 'ownership' in an almost abstract sense, with no concomitant direct management rights." The court noted that a spouse's management powers over his or her "sole management" portion of community property are described in exactly the same terms which section 5.21 uses for separate property. Thus, in Texas,

> a spouse is able, in the absence of fraud, to deal with sole management community as he or she might with his or her own separate property, free from any participation, consent, or interference by the other spouse.

Id. at 1289.

Applying the Fifth Circuit's construction of subsection (a)(2) to subsection (a)(1), we conclude that Ms. McDonald has only abstract ownership of one-half of her husband's salary. Mr. McDonald may deal with his salary "free from any participation, consent, or interference" by Ms. McDonald. This is not a sufficiently "substantial pecuniary interest in a facility" to disqualify Ms. McDonald's appointment under article 4418h.

Article 6252-9b, section 1, V.T.C.S., states the Texas conflict of interest policy regarding the conduct of state officers and employees:

> [N]o state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. (Emphasis added).

Section 2(12) refers to a "substantial interest" rather than "any interest" and defines it as follows:

> An individual has a 'substantial interest' in a business entity if he:
>
> (A)    has controlling interest in the business entity;
>
> (B)    has ownership in excess of 10 percent of the voting interest in the business entity or in excess of $25,000 of the fair market value of the business entity;
>
> (C)    has any participating interest, either direct or indirect, by shares, stock, or otherwise, whether or not voting rights are included, in the profits, proceeds, or capital gains of the business entity in excess of 10 percent of them;
>
> (D)    holds the position of a member of the board of directors or other governing board of the business entity;
>
> (E)    serves as an elected officer of the business entity;
>
> (F)    is an employee of the business entity.
>
> (Emphasis added).

Under these tests, considering Ms. McDonald's limited, non-managment community property interest in one-half of her husband's salary, she is not disqualified from serving on the commission.

Because Ms. McDonald agreed to abstain in any matters in which her husband's employer is an applicant, a party, or an interested person, the necessity of such abstention under article 6252-9b is not in issue. Assuming that the occasions for such abstention are infrequent, they will not substantially "conflict with the proper discharge of [her] duties in the public interest." See V.T.C.S. art. 6252-9b, §1.

Ms. McDonald has further agreed to disclose all potential conflicts. Disclosure and abstention in particular proceedings wherein conflict exists are the primary concerns of the statute. See Final Report of the Public Servant Standards of Conduct Advisory Committee (Aug. 1983); See also Attorney General Opinion H-269 (1974). Additionally, Ms. McDonald must comply with the financial disclosure provisions of article 6252-9b. However, she need only file a financial statement of her own possibly conflicting financial activities and those activities of her spouse over which she has the right to exercise any degree of actual control. Attorney General Opinion H-269.

Based upon the given facts, we perceive no additional impediments to Ms. McDonald's appointment and service on the Texas Health Facilities Commission.

## S U M M A R Y

An individual's limited, non-managerial, "abstract" community property interest in one-half of her husband's salary does not disqualify her from serving on the Texas Health Facilities Commission.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood