**Jeronne M. PEERY, Appellant,**

v.

**Claudia A. PEERY, Appellee.**

**No. 2–85–229–CV.**

Court of Appeals of Texas, Fort Worth.

May 22, 1986.

Salvant & Fleming, Wayne F. Salvant, Fort Worth, for appellant.

Leeper, Priddy & Chovanec, Charles S. Leeper, Fort Worth, for appellee.

Before JORDAN, BURDOCK and ASHWORTH (Retired Sitting by Assignment), JJ.

## OPINION

BURDOCK, Justice.

In this divorce case, Jeronne M. Peery complains of the trial court's award of $1100.00 in child support, of the division by the court of the parties' community property, and of the allowance of $1,000.00 for appellee's attorney's fees.

We affirm.

The parties, married in 1973, had two children, ages ten and seven at the time of the divorce hearing in 1985. Appellant, a systems engineer for IBM, testified he grossed $3,510.00 per month in that job, and $950.00 per month as an active Air Force Reservist. Appellee, Claudia A. Peery, according to her testimony and to the findings of facts filed by the trial judge, grossed approximately $1,520.00 per month. She testified that she was employed as a hairdresser and that she had other earning skills that would enable her to get other jobs.

The record shows the couple had equity in the amount of $26,000.00 in a residence worth $77,500.00. The trial court appointed appellee as managing conservator of the two children and ordered appellant to pay $1,100.00 per month for their support and maintenance. The court also made the following division of the community property, according to the statement of facts and the court's decree:

21. That it is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children, that Petitioner be awarded the following property: Any AFRES retirement, all interest in the IBM retirement, 1977 Ford Thunderbird automobile, stereo, computer, desk lamp, camera, all personal items in his possession, all cash in his control, all bank accounts in his control, two IRA accounts in his name, all life insurance policies insuring his life, except that the children are to be beneficiaries of at least $35,000.00 in insurance proceeds until the youngest child reaches the age of 22 years.

22. That it is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage, to award Respondent the following property: the house and lot at 4105 Longmeadow Way, Fort Worth, Texas, and all escrow accounts related to it and debt thereon, the 1981 Colt automobile, all cash and bank accounts in her name, two IRA accounts in her name at Nowlin Savings Association, all furniture and furnishings not specifically awarded to Petitioner now in her possession, and all policies of life insurance on her life.

23. The Court further finds that as an equitable division of the estate of the parties, the Petitioner shall pay the following debts and obligations and shall indemnify and hold Respondent harmless from any failure to so discharge those debts and obligations: All debts on property awarded to Petitioner, Sears & Roebuck debt, Mony's life insurance, IBM computer debt, American Express card, MasterCard, Texaco, Gulf, and any debts incurred in his own name since the date of separation.

24. The Court further finds that it is equitable and as part of the division of the estate of the parties that Respondent pay the following debts and obligations and indemnify and hold Petitioner harmless from any failure to so discharge these debts and obligations: all debts on property awarded to Respondent, including Monnigs', Sanger-Harris, Corrigan's, Southwest Furniture, Neiman-Marcus, and any and all debts incurred since the date of separation not collaterized in her own name and all debts, if any, on her business.

The court also ordered appellant to pay $1,000.00 of appellee's attorneys' fees.

Appellant complains of the court's division of the community property, arguing that 82% of it was awarded the wife. However, a review of appellant's brief reveals that in making the computations to arrive at the percentage mentioned above, appellant neglected to include the value of appellant's IBM and Air Force retirement. Inclusion of the two retirements in the calculation would do much to equalize the division of property. In addition, the testimony of appellant reflects he transferred 132 shares of IBM stock, worth in excess of $16,000.00, to his parents after the parties had separated and before he filed for divorce.

■ Although the court's division of property, to some, may seem slanted in favor of appellee, it must be remembered that the trial court has very broad discretion in dividing community property. *See Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21, 23 (1923); *Keene v. Keene*, 445 S.W.2d 624, 625, 626 (Tex.Civ.App.—Dallas 1969, writ dism'd). Under the evidence, there was a reasonable basis for the unequal division of the community property, and we hold that the trial court did not abuse its discretion in this division. Also, we perceive no error or abuse of discretion in the court's order for appellant to pay $1,000.00 of appellee's attorneys' fees. This was fair and reasonable under all of the evidence in this record and was properly within the court's broad discretion.

The Court has required appellant to pay for the support of his children the sum of $1,100 each month.

■ Although spouses have a joint and equal duty to support their children, this does not require that the courts divide the burden of support equally. *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.— Houston [1st Dist.] 1974, no writ); *Hazelwood v. Jinkins*, 580 S.W.2d 33, 36 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

■ In determining the amount of child support, a trial court should consider the needs and best interests of the children, the parties' previous standard of living, their respective financial capabilities, and the relative values of the non-monetary services to be rendered. *Krempp v. Krempp*, 590 S.W.2d 229, 230 (Tex.Civ.App.—Fort Worth 1979, no writ).

In reviewing the child support award we are confronted with some confusion in determining the amount of appellant's income. The record is replete with uncontroverted testimony and exhibits showing that appellant's gross monthly salaries from IBM and the Air Force were $3510.00 and $950.00, respectively. However, a review of the trial court's findings of fact reveals that the court found appellant's monthly gross income to be $4460.00 from IBM and $950.00 from the Air Force Reserve. Therefore, appellant's gross monthly income was either $4460.00 or $5410.00, depending on whether we follow the statement of facts or the remaining record.

■ The Court's findings of fact are unchallenged on appeal; therefore we must accept them as true. See Maben v. Maben, 574 S.W.2d 229, 232 (Tex.Civ.App.—Fort Worth 1978, no writ). However, even were we to consider the lesser figure of $4460.00 per month in our computation, $1,100 would constitute 24.66% of appellant's total gross monthly pay. Accordingly, we are unable to agree with appellant's assertion that the child support awarded appellee constituted more than 25% of appellant's gross income. Under this evidence, we hold that the amount of child support ordered was reasonable and did not constitute an abuse of discretion.

■ Appellant asserts error on the part of the trial court in its refusal to admit into evidence some handwritten notes the court made during the divorce hearing. These notes were discovered in the court's file after it turned the file over to appellant's attorney so that he could make copies of the docket sheet. The court was correct in refusing to admit into evidence its own personal notes. They were not part of the record and should not have been admitted.

■ By a counterpoint, appellee asks this court to order appellant to execute a wage assignment so that the child support payments would be made directly to the child support office. She contends such an order is authorized by TEX.FAM.CODE ANN. sec. 14.05(e) (Vernon Pamph.1986).

There is no showing that this request was made in the trial court and no showing that such an order is necessary. Appellee's request is refused.

The judgment is affirmed.

JORDAN, J., dissents.

JORDAN, Justice, dissenting.

I respectfully dissent to that part of the majority opinion which deals with the amount of child support ordered.

Even though a trial court has wide discretion regarding the amount of child support payments, and each case must stand on its own facts, the determination of that amount must be supported by evidence that the children's needs are as much as the amount specified in the order. Holmes v. Tibbs, 542 S.W.2d 487, 488 (Tex.Civ.App.—Corpus Christi 1976, no writ).

In this case I find that the amount of child support ordered, in conjunction with the wife's salary, is $400.00 over the amount of expenses shown. Accordingly, I find the amount of child support ordered constitutes an abuse of the trial court's discretion and would reverse the judgment and remand the cause for a new trial on the issue of child support.

As the majority points out the trial court found in its findings of fact and conclusions of law that appellant's gross income equaled $5,410.00. This finding was unchallenged; therefore, we will accept it as fact, conflicting testimony to the contrary. See Maben v. Maben, 574 S.W.2d 229, 232 (Tex.Civ.App.—Fort Worth 1978, no writ); cf. TEX.R.CIV.P. 298. The trial court also found that appellee grosses $1,520.00 per month. We note the financial statement signed by appellee shows this figure to be her net income, not her gross; but, again the trial court's finding has gone unchallenged and we must accept it as true. See Maben, 574 S.W.2d at 232.

The trial court further found, that at the time of trial, appellee's average monthly living expenses with both children were $2,248.00. The difference between appellee's monthly expenses and her gross sala-

ry is $728.00. Thus, in this case, the evidence does not support an order of child support in the amount of $1,100.00. *See id.; see also Angel v. Todd,* 368 S.W.2d 224, 227 (Tex.Civ.App.—Houston [14th Dist.] 1963, no writ).

Moreover, the child support order is unreasonable in light of the unequal distribution of the couple's community assets and the earning capacity of each party. The unequal distribution of the community assets has been noted by the majority. Turning to a review of the earning capacities of the parties, I would point out the respective salaries of the parties has been set forth previously. However, it must be emphasized that appellant works two jobs while appellee holds one. Further, appellee testified she would have no trouble getting another job with her skills.

For the reasons set forth above I would reverse the judgment and remand the cause for a new trial on the issue of child support.