**John Bernard SOHOCKI, II, Appellant,**

v.

**Judith Ann SOHOCKI, Appellee.**

**No. 13–86–347–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 18, 1987.

Pat Morris, Nicolas, Morris & Barrow, Corpus Christi, for appellant.

William A. Dudley, Scott T. Cook, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant challenges the trial court's order increasing the amount of child support for his two children. When the parties divorced in 1976, the agreement incorporated in their divorce decree provided, among other things, that appellant, the possessory conservator, should pay appellee, the managing conservator, $400 a month per child younger than 18 years residing with appellee. An additional $50 a month was required per child attending private school. After a hearing, the trial court increased the basic amount of support to $4,000 a month for both children and to $3,000 a month for the younger child after the elder child's emancipation.[1] Appellant challenges the evidence to support the amount of the award and further claims that the award is alimony. We affirm the trial court's order.

By his first four points of error, appellant claims there is either no evidence or insufficient evidence to support the amounts of child support ordered. Appellant relies heavily on the statement in *Holmes v. Tibbs*, 542 S.W.2d 487, 488 (Tex.

---

1. The portion of the order awarding $4,000 a month expired by its own terms when the older child reached 18 years of age on August 7, 1986.

Civ.App.—Corpus Christi 1976, no writ) that the determination of the amount of support must be supported by evidence that the children's needs are as much as the amount specified in the order. In that case, no itemizations had been introduced concerning the child's needs. The only evidence of any relevance to the child's needs was that the previous order had required a support payment of $20 per week. The only evidence of the parental ability to pay tended to show that the father would be unable to make the payments ordered.

■ In the case at bar, however, the circumstances of both parents and the needs of the children were fully litigated. Appellee pled for $5,000 a month in child support. As evidence of the needs of the children, appellee submitted an itemization of expenses for 1985, listing the house payment and utility, food, car, medical and drug, clothing and laundry, and miscellaneous expenses.

■ Appellant points out that appellee did not separate costs for herself from those for the children in testifying about the family's living expenses, and that the total amount of necessary living expense for the family was $3,272.42 per month. The duty to support is not limited to bare necessities. *Cunningham v. Cunningham*, 515 S.W.2d 345, 346 (Tex.Civ.App.—Corpus Christi 1974, no writ). While it is true that a person is not obligated to contribute to the support of a divorced spouse, an award of child support will not be set aside if the evidence justifies that the amount is reasonable to maintain the children in a lifestyle consistent with that of the parent or parents and is in the children's best interest.

■ A court's order of child support will not be disturbed unless the complaining party can show a clear abuse of discretion. *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd).

---

The younger child will reach 18 years of age on September 24, 1988.

No findings of fact or conclusions of law were requested or filed. Thus, the court of appeals views the judgment as impliedly finding all facts necessary to support it. *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975); *Rowden v. Texas Catastrophe Property Insurance Association*, 677 S.W.2d 83, 88 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). In the absence of findings of fact and conclusions of law, we must affirm the judgment if it can be upheld on any legal theory the evidence supports. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Rouse v. Shell Oil Co.*, 577 S.W.2d 787, 789 (Tex.Civ.App. —Corpus Christi 1979, writ dism'd).

There was evidence at the trial that appellee, at the time of trial, was employed at an average monthly gross salary of $500 per month and that appellant's net monthly income averaged in excess of $40,000.

In determining the amount of the award a trial court is to consider all appropriate factors, including the needs of the child, and the ability of the parents to contribute. Tex.Fam.Code Ann. § 14.05(a) (Vernon 1986). The court should consider the relative values of the nonmonetary services to the child as well as the relative capabilities of the parties. *Hourigan v. Hourigan*, 635 S.W.2d 556, 558 (Tex.Civ. App.—El Paso 1981, no writ); *Krempp v. Krempp*, 590 S.W.2d 229, 230 (Tex.Civ. App.—Fort Worth 1979, no writ). The amount a parent is required to pay should be commensurate with his or her ability to pay, but should not be great enough to deny that party the necessary expenses of living. *Hazelwood v. Jinkins*, 580 S.W.2d 33, 37 (Tex.App.—Houston [1st Dist.] 1979, no writ); *Boriack*, 541 S.W.2d at 242. The trial court is justified in requiring the parents to provide a standard of living for their children commensurate with that which they have and will continue to enjoy for themselves. *Krempp*, 590 S.W.2d at 230; *Cooper v. Cooper*, 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). We overrule points one through four.

In point of error number five, appellant contends the court's award amounted to impermissible alimony. There was evidence that since the divorce in 1976, appellee had been depleting her savings or using assets awarded her in the property division to assist in providing for the needs of the children. There was also evidence that the educational and cultural needs of the children were increasing. When taken with the matters discussed relative to the preceding points of error, we cannot say that the increase in child support amounted to alimony. Point of error number five is overruled.

We AFFIRM the trial court's order.