

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 28, 1987

Mr. Robert J. Provan
General Counsel
Stephen F. Austin
   State University
P. O. Box 6214
Nacogdoches, Texas   75962

Opinion. No.   JM-817

Re:  Whether a state univer-
sity  may  contract  with  a
corporation  in   which  the
spouse of  a  regent owns  a
substantial interest

Dear Mr. Provan:

You state that Stephen F. Austin State University has purchased the products of  a close corporation.   A person recently appointed  to the  Board of  Regents  owns a  .2% interest of the firm's  equity without a  voting interest. Her husband owns over 6% of the firm's equity and controls over 12% of its voting interest.  He is an employee of the firm and serves as chairman of the board of directors, but does not hold an elected office in the firm.  You moreover inform us  that  the  new  regent's  spouse  acquired  his interest in the corporation prior to the marriage and that he asserts  that his  ownership interest  is his  separate property.

You finally inform us that:

> [T]he  purchases  by   SFA  of  the   firm's
> products in the  past have not  been of  the
> kind that required the action or approval of
> the Board of Regents.  None of the purchases
> were submitted to  the Board  of Regents  in
> the past.  So  far as can  be determined  at
> this time, none of the prospective purchases
> of  the  firm's  products  during  the   new
> regent's term  will  require the  action  or
> approval of the Board of Regents.

You ask  whether  an  unlawful conflict  of  interest exists if  the university  purchases the  products of  the close corporation under  the facts  and circumstances  you have outlined.

State universities are subject to the common law rule which prohibits a public officer from having a direct or indirect financial interest in a contract entered into by the governmental body of which he is a member. See Attorney General Opinion Nos. JM-671 (1987); H-1309 (1978); see also Attorney General Opinion MW-179 (1980). Even very small pecuniary interests have been held to constitute a prohibited financial interest in a public contract. In Attorney General Opinion H-624 (1975) this office determined that the commissioners court could not purchase supplies from a farmer's cooperative in which a commissioner owned a few shares, an almost negligible interest. Thus, the individual regent's .2% interest constitutes a pecuniary interest in the firm which would bar the Board of Regents from contracting with the firm.

Under Texas community property law, one spouse has a community property interest in the other spouse's earnings from employment and in the income of the other spouse's separate property. Family Code §5.01(b); Hardee v. Vincent, 147 S.W.2d 1072 (Tex. 1941, opinion adopted) (where original investment in business was from wife's separate estate, profits were community property); Matter of Marriage of York, 613 S.W.2d 764 (Tex. Civ. App. - Amarillo 1981, no writ) (profits derived from business are community property, even though capital is separate property); Maben v. Maben, 574 S.W.2d 229 (Tex. Civ. App. - Fort Worth 1978, no writ) (husband's salary is community property).

Section 5.22 of the Texas Family Code provides that during marriage, each spouse has separate management, control, and disposition of certain community property including personal earnings and revenue from separate property. Family Code §5.22(a). However, each spouse still has an interest in the community property subject to the separate management of the other spouse. See Family Code §5.61 (all community property is subject to tortious liability of either spouse incurred during marriage); Short v. U.S., 395 F.Supp. 1151 (E.D. Tex. 1975) (income tax liability). See Estate of Wyly v. Commissioner of Internal Revenue, 610 F.2d 1282 (5th Cir. 1980) (spouse's interest in "sole management" community property is only an "abstract" ownership). In our opinion, the regent has a personal pecuniary interest in her husband's salary from the close corporation and in the income of his ownership interest.

Attorney General Opinion JM-126 (1984) concluded that an individual's community property interest in one half of her husband's salary as an employee of a health care facility did not constitute a "substantial pecuniary interest in a facility" that would disqualify her from serving on the Texas Health Facilities Commission. See Acts 1975, 64th Leg., ch. 323, §2.02 (expired Sept. 1, 1985 per Texas Sunset Act, Acts 1977, 65th Leg., ch. 735, §2.114) (formerly V.T.C.S. art. 4418h, §2.02). The evaluation of the community property interest in Attorney General Opinion JM-126 does not control the case you inquire about. Attorney General Opinion JM-126 considered whether a board member's community property interest in her husband's salary constituted a "substantial pecuniary interest" under section 2.02 of article 4418h, V.T.C.S. The husband was on a fixed salary, had no direct share in the health facility's profits or losses, and had no responsibility for expansion or financial management of the firm. Based on the given facts, Attorney General Opinion JM-126 concluded that the commission member did not have a "substantial pecuniary interest in a facility" as defined by statute.

The present case involves a strict common law rule, which reaches indirect as well as direct pecuniary interests, and which is not limited to substantial interests. Under the common law standard, the board member's community property interest in her husband's salary and other income from the firm constitutes a personal pecuniary interest which prevents the Board of Regents from contracting to purchase its goods.

The fact that the Board of Regents does not approve purchases of the firm's products does not remove them sufficiently from the contracting process to eliminate the conflict of interest. The board is responsible for the general control and management of the university and for purchasing. Educ. Code §95.21 (powers of Board of Regents, State Senior Colleges); see Educ. Code §101.41 (granting Board of Regents of Stephen F. Austin University same powers and duties of management and control over university as are conferred on Board of Regents, State Senior Colleges, with respect to its component institutions).

A subordinate officer or employee has authority to contract for the university only because the board has adopted a rule, regulation or order delegating such power. Educ. Code §95.21(b). Cf. Letter Advisory No. 148 (1977)

(employment of regent's niece by state university would violate nepotism statute even though board of regents has delegated employment power). The board may resume exercising that authority itself by repealing the rule, regulation, or order delegating it. The employee who approves the contract is accountable to the board for his decisions about the contract and for his job performance generally. If a dispute with the contractor arises, the board will very likely participate in resolving it. Thus, the board cannot divest itself of responsibility for the contract with the firm, even though subordinate officers or employees may purchase its products without regental approval. See generally V.T.C.S. art. 6252-9b.

## S U M M A R Y

Stephen F. Austin State University is barred by common law conflict of interest provisions from purchasing the products of a firm in which a regent has an interest, even though the board of regents has delegated purchasing decisions to subordinate officers and employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General