**Robert Lynn McCARTOR, Appellant,**

v.

**Katherine Diane PARR, Appellee.**

**No. 9259.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 11, 1981.

C. J. Humphrey, Amarillo, for appellant.

Whittenburg, Whittenburg & Schachter, Steven L. Hoard, Amarillo, for appellee.

REYNOLDS, Chief Justice.

Robert Lynn McCartor appeals from a judgment ordering increases in his monthly child support payments and reimbursement for medical expenses paid. Because the court abused its discretion by ordering payments in excess of McCartor's evidenced ability to pay, we reverse and remand.

When McCartor and his wife, Katherine Diane McCartor, now Katherine Diane Parr, were divorced in 1974, he was ordered to contribute $60 per month toward the

support of their minor daughter, then seven years of age. After the daughter became thirteen, Mrs. Parr brought this action for an increase in the amount of McCartor's monthly contributions and to require him to provide for the child's medical expenses. At the April, 1980 hearing, the daughter's increased monetary needs were not disputed and, after hearing the adduced evidence of McCartor's ability to pay, the court rendered the judgment from which this appeal is taken. By the judgment, McCartor is ordered to pay $100 per month beginning 10 May 1980 and $200 beginning 10 October 1980 for child support, and to ,reimburse Mrs. Parr for one-half of her payments for the child's medical expenses.

■ Recently, in *Matter of Marriage of Miller*, 600 S.W.2d 386, 389 (Tex.Civ.App.— Amarillo 1980, no· writ), we reiterated the familiar rule that each parent has the duty to support his or her minor children. That duty, as it devolves upon the father, corresponds to his financial ability, having due regard for all of his lawful obligations, *Gully v. Gully*, 111 Tex. 233,. 231 S.W. 97, 100 (1921), and the father has no legal claim upon others to perform his duty. *G., H. & H. Ry. Co. v. Moore*, 59 Tex. 64, 68 (1883).

Under the record made, Mrs. Parr is discharging her legal duty to support the daughter. Under the same record, McCartor has paid the monthly amounts he was ordered to contribute; in fact, for some time he has been paying $85 per month in lieu of the $60 ordered, sending $18 monthly directly to the daughter, and has paid $1,009, at the rate of $36 per month, on the daughter's dental expenses.

The question is whether the record shows, as McCartor contends, that the court abused its discretion in fixing the amounts to be contributed by McCartor. In this regard, the evidence is, in the main, undisputed. At the time of the hearing, McCartor was a 33-year-old, unemployed fifteen-year college student, seeking an August, 1980 Ph.D. degree in history, after previously receiving his B.A. and M.A. degrees in the same subject. In the last three calendar years of 1977–79 while he pursued his degree,

McCartor earned $5,666.40, $1,739.84 and $1,881.81, respectively, from his employment by an insurance company for which he "stopped working" in "May of '79." The record is devoid of any inquiry into the reason for his cessation of employment or for the disparity in earnings from the same company. The funds required for McCartor's expenditures in excess of his income have been furnished by gifts and loans from his father, who is furnishing McCartor a rent-free house in which to live.

Other than testimony of a severe mental depression in 1977, McCartor was shown to be physically and mentally able to work. In this connection, his testimony is undisputed that after he got his master's degree, he received 100 rejections for teaching positions, he applied for 150 teaching positions in the last three and one-half years with no encouragement, and he has attempted unsuccessfully to secure employment doing other and sundry jobs.

McCartor denied that it is his intent to stay in school and keep his earning levels down so that he will not have to support the daughter. He acknowledged his intent "to seek gainful employment" at the time he receives his Ph.D. degree, as well as his hope to contribute a reasonable amount to the support of the daughter.

■ This record, then, evidences no more than McCartor's financial ability to contribute [$85 + $18 + $36] $139 per month toward the daughter's support; it fails to evidence his financial ability to pay $200 per month for child support plus one-half of the amounts paid by Mrs. Parr for medical expenses. As a general rule, the court abuses its discretion in ordering the payment of more child support than the parent reasonably can afford. *Krempp v. Krempp*, 590 S.W.2d 229, 231 (Tex.Civ.App. —Fort Worth 1979, no writ). The rule is applicable to this record, which demonstrates that the payments ordered are more than McCartor reasonably can afford to pay. The excess sums ordered to be paid rest only in speculation and surmise that McCartor has the potential to secure employment and earn those sums; but, if he

does, that fact must be proved by evidence of probative force, *Gray v. Baker & Taylor Drilling Co.*, 602 S.W.2d 64, 65 (Tex.Civ. App.—Amarillo 1980, writ ref'd n. r. e.), for speculation and surmise are not, in legal contemplation, any evidence of the fact to be established. *Cactus Drilling Company v. Williams*, 525 S.W.2d 902, 909 (Tex.Civ.App. —Amarillo 1975, writ ref'd n. r. e.).

In invoking the rule, we have not overlooked our language in *Miller* by which we expressed that the father's duty of support "corresponds in large measure to his financial ability *and earning potential* (emphasis supplied)." 600 S.W.2d at 389. However, that language was referenced to a factual situation proving both the father's financial ability to pay the support ordered and his immediate prospect for greater earning potential, a consideration not shown to exist beyond mere speculation and surmise in the record before us.

The judgment is reversed and the cause is remanded.