T.C. Memo. 1998-333


UNITED STATES TAX COURT


RUSSELL A. CONDELLO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25375-96.                    Filed September 22, 1998.


Russell A. Condello, pro se.

Shelley T. Van Doran and James F. Prothro, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge: Respondent determined a deficiency of $9,719 and an addition to tax under section 6651(a)(1) of $1,569 with respect to petitioner's 1992 Federal income tax.[1]

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner may exclude from his income one-half of his wages, Schedule C insurance business income, interest income, dividend income, and capital gains distribution pursuant to Texas community property law; (2) whether petitioner is entitled to Schedule A, C, and E deductions in amounts greater than those respondent allowed in the statutory notice of deficiency; (3) whether petitioner is liable for self-employment tax; (4) whether petitioner is entitled to dependency exemptions for his two children; (5) whether petitioner is entitled to file as head of household; and (6) whether petitioner is liable for an addition to tax for failure to file a timely return.

## FINDINGS OF FACT

Oral stipulations of fact were made at trial.[2] The oral stipulation of facts and the referenced exhibits are incorporated herein by this reference. Petitioner resided in Dallas, Texas, at the time he filed his petition.

On May 2, 1987, petitioner married Carol L. Condello (Mrs. Condello). In 1991, petitioner and Mrs. Condello separated. During 1992, they were engaged in an acrimonious divorce proceeding and did not reside together. On March 29, 1994, a final decree of divorce was rendered.

---

[2] These stipulations were made pursuant to a Rule 91(f) hearing.

Petitioner and Mrs. Condello have two children.  Under the divorce decree issued in 1994, petitioner and Mrs. Condello were given joint custody of the children.  During 1992, however, the children resided with Mrs. Condello.

For the 1992 taxable year, petitioner and Mrs. Condello filed separate Federal income tax returns.  Petitioner filed his 1992 Federal income tax return (the return) in or around October 1995.  On the return, petitioner reported 100 percent of his C.P.A. business income and only one-half of his other income.  He also reported approximately one-half of Mrs. Condello's 1992 income on the return.

On the return, petitioner also claimed numerous deductions that respondent denied.  On his Schedule A, petitioner deducted $8,500 for legal fees relating to his divorce proceeding.  Petitioner also deducted on Schedule A one-half of the total mortgage interest and real property taxes paid on a house located at 5012 Bridgewater Drive (the Bridgewater house).  Mrs. Condello paid the mortgage and real property taxes on the Bridgewater house with rental income from her separate property. On his Schedule C for his C.P.A. business, petitioner claimed deductions in the amount of $12,478 relating to that business.  On his Schedule E, petitioner claimed deductions relating to a rental property located at 5900 Oregon Trail Court (the rental property) and reported a loss of $2,132.

During 1992, petitioner was a sole proprietor and reported a net profit from his C.P.A. business on the return for that year. For the 1992 taxable year, petitioner did not pay any self-employment tax.

OPINION

I. Petitioner's Taxable Income

During 1992, petitioner and Mrs. Condello resided in Texas. Texas is a community property state. Tex. Fam. Code Ann. secs. 3.001-3.005. (Vernon 1998); Lange v. Phinney, 507 F.2d 1000, 1005 (5th Cir. 1975). Under Texas law, community property includes property acquired during the marriage by either spouse except for property acquired by gift, devise, descent, or in the recovery for personal injuries. See Tex. Fam. Code Ann. secs. 3.001, 3.002. Income derived during marriage from separate property is also community property. Maben v. Maben, 574 S.W.2d 229, 232 (Tex. Civ. App. 1978). Generally, for Federal income tax purposes, spouses residing in a community property state must report one-half of their community income (the general rule). United States v. Mitchell, 403 U.S. 190 (1971). Neither party contests that petitioner's 1992 income was community income. Thus, under the general rule, petitioner should report only one-half of his and Mrs. Condello's 1992 community income.

Respondent determined that under section 66(b) petitioner should have included 100 percent of his income on the return.[3] Section 66(b) allows respondent to deny petitioner the benefit of community property laws with respect to any income if the following requirements are satisfied: (1) The taxpayer acted as if solely entitled to such income, and (2) the taxpayer failed to notify his spouse of the nature and amount of such income before the due date of the return.

Petitioner provided Mrs. Condello with various tax documents relating to his 1992 income. These documents were intended to help Mrs. Condello prepare her 1992 return. Among these documents were petitioner's 1992 Forms W-2 and 1099. Petitioner hand-delivered these documents to Mrs. Condello before the due date of Mrs. Condello's 1992 return (i.e., April 15, 1993).

We find that petitioner provided Mrs. Condello with sufficient notice of the nature and amount of his 1992 income before the due date of her return and conclude that respondent

---

[3] On brief, respondent also argued that sec. 66(a) supported the determination. We consider sec. 66(a) to be a new matter because it would require the presentation of different evidence than the evidence required under sec. 66(b), and respondent would bear the burden of proof as to that issue. See, e.g., Achiro v. Commissioner, 77 T.C. 881, 890 (1981). Sec. 66(a) was not referenced in the statutory notice of deficiency, and respondent never amended his answer. We find that this issue is not before the Court. See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. per curiam 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975).

may not rely on section 66(b) to deny petitioner the benefit of community property laws.[4]

## II. Deductions

Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that such taxpayer is entitled to any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must substantiate amounts claimed as deductions by maintaining the records necessary to establish such entitlement. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; see Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

### A. Schedule A Deductions

#### 1. Legal Expenses

Petitioner claimed $8,500 in legal fees on the return. Section 162 allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Personal expenses are not deductible. Sec. 262. Generally, legal fees associated with a divorce proceeding are nondeductible personal expenses. Melat v. Commissioner, T.C. Memo. 1993-247; sec. 1.262-1(b)(7), Income Tax Regs.

---

[4] We note that petitioner reported 100 percent of his C.P.A. business income on the return. Petitioner did not raise this issue in his petition or at trial; therefore, we do not consider it before the Court.

In <u>United States v. Gilmore</u>, 372 U.S. 39, 48 (1963), the Supreme Court held that the test for whether legal fees are business or personal expenses depends upon whether the claim arises in connection with the taxpayer's profit-seeking activities or his personal activities. Under this "origin of the claim" test, the Court held that legal expenses paid to defeat claims arising from a marital relationship were personal and non-deductible. <u>Id.</u> at 51. The Court noted that it is irrelevant whether the taxpayer's income-producing property would be affected by the outcome of the divorce proceeding. See <u>id.</u> at 48.

Petitioner testified that his legal fees were "related to the divorce proceeding as it related to [his] business." Petitioner's uncorroborated testimony was general, vague, and conclusory. Under these circumstances, we are not required to, and do not, rely on petitioner's testimony to sustain his burden of establishing error in respondent's determination. See <u>Lerch v. Commissioner</u>, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986). Petitioner provided no further evidence that the legal expenses arose out of his businesses. In applying the <u>Gilmore</u> test, the origin of petitioner's claim arose from the marital relationship between petitioner and Mrs. Condello, and not from

petitioner's business; therefore, we conclude that the legal expenses were nondeductible personal expenses.

### 2. Mortgage Interest and Property Tax Expenses

Under sections 163 and 164, mortgage interest on a qualified residence and real property taxes are deductible. If a couple resides in a community property state, generally, each spouse is entitled to deduct one-half of all deductible expenses properly chargeable against community income. Johnson v. Commissioner, 72 T.C. 340, 347 (1979).

On the return, petitioner deducted $4,340 of mortgage interest expense and $2,031 of real property taxes (one-half of the total mortgage interest and real property tax expenses) relating to the Bridgewater house. Mrs. Condello testified that she made the mortgage payments on the Bridgewater house out of a checking account that contained rental income from her separate property. During marriage, income from separate property is community income. Maben v. Maben, 574 S.W.2d at 232. We find that Mrs. Condello used community income to make the mortgage payments, and petitioner is entitled to deductions for one-half of the mortgage interest and one-half of the real property taxes.

### B. Schedule C Deductions

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. On his Schedule C, petitioner

claimed $12,478 of deductions for his C.P.A. business. Respondent allowed $755 of these deductions.

In order to substantiate these expenses, petitioner submitted a voluminous exhibit at trial containing copies of checks and receipts. The exhibit included receipts from restaurants, checks written to individuals, an airplane ticket stub, etc. Other than his uncorroborated testimony, petitioner did not present any evidence showing how these checks and receipts related to his C.P.A. business. As stated earlier, we find petitioner's testimony general, vague, and conclusory. We do not rely on petitioner's testimony to sustain his burden of establishing error in respondent's determination. See Lerch v. Commissioner, supra at 631-632; Tokarski v. Commissioner, supra at 77. We conclude that petitioner is not entitled to any trade or business deductions in excess of those allowed by respondent.

C. Schedule E Deductions

On his Schedule E, petitioner claimed numerous deductions relating to a rental property that he owned prior to marriage located at 5900 Oregon Trail Court. The deductions resulted in a loss of $2,132. Respondent denied many of the deductions petitioner claimed, including mortgage interest expense, property taxes, and hazard insurance, and determined that petitioner had income from the rental property.

Section 212 permits a deduction for all ordinary and necessary expenses paid or incurred during the taxable year for

the production or collection of income and for the management, conservation, or maintenance of property held for the production of income. Petitioner submitted a Form 1098 for 1992 that showed the following amounts were paid on the rental property: Mortgage interest expense in the amount of $4,500, property taxes in the amount of $1,414, and hazard insurance in the amount of $234. Petitioner testified that he paid these expenses. We conclude that petitioner established his entitlement to deduct the foregoing expenses in addition to the deductions already allowed by respondent.[5]

III. Self-Employment Tax

During 1992, petitioner had self-employment income from his C.P.A. business in the following amounts: (1) $2,442 he reported on the return, and (2) the disallowed Schedule C deductions. Section 1401 imposes self-employment tax on self-employment income. Section 1402(a) defines net earnings from self-employment as the gross income derived by an individual from the carrying on of any trade or business by such individual less allowable deductions attributable to such trade or business.

Petitioner did not dispute that his C.P.A. business income was subject to self-employment tax. Instead, petitioner argued

---

[5] We note that the disallowance of deductions claimed for other expenses creates additional income for petitioner, and petitioner should report one-half of the income pursuant to Texas community property laws. See Tex. Fam. Code Ann. secs. 3.001, 3.002 (Vernon 1998); see also our discussion regarding sec. 66(b), supra.

that all Social Security taxes had been paid relating to his insurance business income. The notice of deficiency addressed only the issue of self-employment tax on petitioner's C.P.A. business income. We conclude that petitioner is liable for self-employment tax on his C.P.A. business income based upon the amount shown on the return and the amount of disallowed Schedule C deductions.

## IV. Dependency Exemptions

On brief, petitioner argued for the first time that he is entitled to dependency exemptions for his two children. Respondent argues that (1) petitioner is not entitled to dependency exemptions because during 1992 he did not provide more than one-half of his children's support, and (2) in the alternative, the dependency exemption issue is not before the Court.

Section 151(c) allows a deduction for a "dependent" as defined in section 152. Sons or daughters of the taxpayer, over half of whose support during the calendar year is provided for by the taxpayer, are "dependents". Sec. 152(a). Section 152(e)(1), however, further provides that if a child receives over half of his support during the calendar year from parents who live apart at all times during the last 6 months of the calendar year, and if the child is in the custody of one or both of his parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the year

- 12 -

from the parent having custody for a greater portion of the calendar year (custodial parent).  Section 152(e)(2) provides an exception to this rule where the custodial parent releases his claim to the exemption for the year.

To determine who has "custody" for purposes of section 152(e), the regulations provide that custody is determined by the terms of the most recent divorce decree or subsequent divorce decree.  Sec. 1.152-4(b), Income Tax Regs.  Where parents have joint custody under the divorce decree, the regulations further provide that custody "will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Id.  For a parent to be considered as having "physical custody", the child, generally, must reside with the parent.  See White v. Commissioner, T.C. Memo. 1996-438; Whitaker v. Commissioner, T.C. Memo. 1988-418.

In 1992, petitioner's children received over half of their support from their parents, and their parents lived apart at all times during the last 6 months of 1992.  Under the subsequent divorce decree entered in 1994, petitioner and Mrs. Condello had joint custody of the children.  During 1992, the children resided with Mrs. Condello, and, therefore, Mrs. Condello had physical custody of the children.  White v. Commissioner, supra.  We conclude that during 1992 Mrs. Condello was the custodial parent for purposes of section 152(e), and there is no evidence that

Mrs. Condello released her claim to the exemptions. Consequently, petitioner is not entitled to dependency exemptions for his children in that year.

V. Filing Status

Petitioner argues that he is entitled to file as head of household. Respondent determined that petitioner should have filed as married filing separately. We agree with respondent.

A taxpayer may file as head of household only if the taxpayer is not married at the close of his taxable year and is not a surviving spouse. Sec. 2(b). Section 2(c), however, allows a married taxpayer to be treated as "not married" if he is so treated under section 7703(b). To be treated as "not married" requires, among other things, that a taxpayer maintain as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child with respect to whom the taxpayer is entitled to claim a dependency exemption (or would be so entitled had the claim not been released pursuant to section 152(e)(2)). Sec. 7703(b).

As discussed above, petitioner is not entitled to claim a dependency exemption for his children. Therefore, petitioner cannot file as head of household.

VI. Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return on the

date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proving that the addition to tax is improper. Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

Petitioner filed the return in or around October 1995--more than 2 years late. Petitioner claims that he was unable to timely file because of his divorce. Petitioner is a C.P.A. and an educated man who teaches classes in tax and accounting at the University of Texas at Arlington. He should have known of his duty to file a timely return. Petitioner has not established reasonable cause for his late filing. Accordingly, we sustain the Commissioner's determination with respect to the addition to tax.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.