T.C. Summary Opinion 2001-171

UNITED STATES TAX COURT

WILLIAM A. CARCIERI, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11775-00S.                    Filed October 25, 2001.

William A. Carcieri, Jr., pro se.

<u>John Aletta</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $1,654 for the taxable year 1998. The issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for his daughter; (2) whether petitioner qualifies for head of household filing status; and (3) whether petitioner is entitled to claim the child tax credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Cranston, Rhode Island.

## Background

Petitioner married Lillian Macera in 1977. They are the parents of two children, Jason and Amanda. Petitioner and Ms. Macera divorced on March 16, 1993. The divorce decree states that the parents "shall enjoy joint custody and shared placement" of the children while they remain minors. In 1995, when Jason attained the age of majority, petitioner sought modification of the support arrangement. Pursuant to court order, petitioner's child support obligation was reduced to $30 per week from $62 per week. No modification of the custody arrangement was made.

In 1998, Amanda spent time at the homes of both petitioner and Ms. Macera. The result in this case turns on the amount of time Amanda spent at the home of each parent. In 1998, Amanda was 16 years old.

Petitioner timely filed his 1998 Federal income tax return as head of household. He reported adjusted gross income of $43,737. Petitioner claimed a dependency exemption deduction and the child tax credit for Amanda treating her as his "qualifying child". Respondent issued a notice of deficiency determining that petitioner was not entitled to head of household filing status, the dependency exemption deduction, or the child tax credit because he failed to substantiate his claims.

## Discussion

### 1. Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. Section 152(a) defines a dependent as a son or daughter of the taxpayer, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". Section 152(e)(1), however, provides that if a child receives over half of his support during the calendar year from parents who are divorced under a decree of divorce and if the child is in the custody of one or both of his parents for more than half of the calendar year, then the child is treated "as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year" (custodial parent).

The terms of the most recent divorce decree or subsequent custody decree determine who has "custody" for purposes of section 152(e).  Sec. 1.152-4(b), Income Tax Regs.  Where parents have joint custody under the divorce decree, the regulations further provide that custody "will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Id. "For a parent to be considered as having 'physical custody', the child, generally, must reside with the parent."  Condello v. Commissioner, T.C. Memo. 1998-333 (citing White v. Commissioner, T.C. Memo. 1996-438;  Whitaker v. Commissioner, T.C. Memo. 1988-418).  Section 152(e)(2) provides that the custodial parent may waive the right to claim the dependency exemption deduction, allowing the noncustodial parent to claim the dependency exemption deduction on his Federal income tax return.  In this case, however, both parents claimed a dependency exemption deduction on their 1998 Federal income tax returns.

The factual dispute revolves around whether petitioner or Ms. Macera had custody of Amanda for a greater portion of the calendar year 1998.  Petitioner testified that he and Ms. Macera had shared custody of Amanda in 1998, but that Amanda lived with him from January 1 until the "middle of June" 1998.  Petitioner, however, testified that Amanda stayed with him only "Monday, Tuesday, Wednesday of one week, and * * * Thursday, Friday, Saturday, Sunday of the next week."  Petitioner testified that

Amanda lived with Ms. Macera during the time she did not stay with him.

Amanda also attended high school in the Johnston school district, where Ms. Macera resided. Petitioner testified that Amanda wanted to attend school in Cranston, but a local court ruled that the proper place for her to attend school was the schools in Johnston. Petitioner further testified that his mother, who lived across the street from him, would drive Amanda to school when she spent the night at his house.

Ms. Macera testified that Amanda lived with her in Johnston, Rhode Island, for all of 1998. Ms. Macera testified that Amanda, during the taxable year at issue, did not spend Monday, Tuesday, and Wednesday of one week and Thursday through Sunday of the next week in Cranston with petitioner. Ms. Macera testified that the only time Amanda spent with petitioner was an occasional weekend visit where she also was able to see her grandmother. According to Ms. Macera, Amanda's only extended stay with petitioner was a 2-week period in which she and Amanda had a disagreement; otherwise there was no rotation between the parents. Ms. Macera also denied that Amanda was shuttled to high school by her grandmother in 1998. Rather, she testified, the only time Amanda's grandmother drove her to school was when the child attended middle school. Furthermore, respondent presented a letter from Johnston High School, to which petitioner did not

object, stating that Amanda lived with her mother for the years 1996 through 1999.

Upon the completion of Ms. Macera's testimony, this Court afforded petitioner the opportunity to cross-examine her about her testimony. Petitioner, however, stated: "Your Honor, I have no questions", choosing not to question Ms. Macera about her contradictory testimony. Petitioner's failure to question Ms. Macera's testimony leads the Court to conclude that Amanda spent little time residing at petitioner's home and most of her time at her mother's house. Even if we relied solely on petitioner's testimony, we would nonetheless find that petitioner did not have custody of Amanda for a portion of the year greater than that of Ms. Macera.

Petitioner's situation falls squarely within the general rule that the parent with custody of a child for the greater part of the year is treated as having provided over half of that child's support for the year. Petitioner's testimony proves that he had custody of Amanda for a period of time shorter than that of Ms. Macera. Furthermore, Ms. Macera's testimony that she had custody of Amanda for the entire year remains uncontroverted. Consequently, we find that petitioner did not have custody of Amanda for the greater portion of the calendar year 1998.

Accordingly, we sustain respondent's determination that petitioner is not entitled to a dependency exemption deduction for Amanda in 1998.

2.   Head of Household Filing Status

Respondent determined petitioner's filing status to be single rather than head of household for 1998 because Amanda did not reside with petitioner for more than one-half of the year.

Section 1(b) imposes a special tax rate on individuals filing as head of household.  As relevant herein, head of household is defined in section 2(b) as an unmarried individual who maintains his home as the principal place of abode for a son or daughter for more than half of the taxable year.

Petitioner has not demonstrated that he maintained such a household.  Petitioner's own testimony indicated that he failed to maintain a principal place of abode for Amanda for more than one-half of 1998: "From January 1st until [the middle of] June 1998."  To qualify, petitioner needed to prove, at a minimum, that he provided the principal place of abode for Amanda from January 1 until July 2, 1998.  He testified further that Amanda did not stay at his house more than half of the week during that period.  He acknowledged that during the periods of the year where Amanda did not reside at his abode, she stayed with Ms. Macera.  Furthermore, petitioner failed to present any evidence in addition to his own testimony regarding his entitlement to

head of household filing status.  Petitioner might have corroborated his testimony, but he failed to do so.

The evidence supplied by petitioner fails to establish that he provided the principal place of abode for Amanda for more than one-half of the year in issue.  Moreover, petitioner offered no evidence to show that he paid more than one-half the cost of maintaining a household.  See sec. 2(b)(1).  We thus hold that petitioner is not entitled to head of household filing status.

## 3.   Child Tax Credit

Respondent determined that petitioner was unable to claim the child tax credit on his 1998 return because he was unable to substantiate that Amanda was a "qualifying child" as defined in section 151.

In the taxable year 1998, for the first time, taxpayers with one or more qualifying children were able to claim a tax credit of $400 for each qualifying child.  Sec. 24(a).  Section 24(c)(1) defines a "qualifying child" as any individual if:

> (A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,
> (B) such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, and
> (C) such individual bears a relationship to the taxpayer described in section 32(c)(3)(B). [Emphasis added.]

The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  In effect, if one of the qualifications is not met, the claimed

child tax credit must be disallowed.  The first element of the three-pronged test requires that to qualify for the child tax credit, a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

Respondent determined that petitioner was not entitled to a section 151 dependency exemption deduction for Amanda in 1998. We have previously held that respondent's determination regarding the section 151 deduction was valid.  That holding is dispositive of this issue, and, as a result, we sustain respondent's determination regarding the section 24 child tax credit and hold, because of the plain language of the statute, that petitioner is not eligible to claim the child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.